# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREA S. NADEL, in her individual capacity; ESTELLE NADEL, in her individual capacity; and EZ ACCOUNTING & TAX SERVICES, LLC,

    Defendants.

CIVIL ACTION NO.: 4:19-cv-210

## O R D E R

Having considered the Complaint for Permanent Injunction, (doc. 1), and the Consent Motion for Permanent Injunction, (doc. 14), submitted by the United States and Estelle Nadel, the Court **GRANTS** the parties' Consent Motion, (doc. 14), directs the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and finds as follows:

    1.    The United States of America filed the Complaint for Permanent Injunction pursuant to 26 U.S.C. §§ 7402 (a), 7407, and 7408 against Andrea Nadel, in her individual capacity and doing business as EZ Accounting & Tax Service, LLC ("EZ Accounting"), and Estelle Nadel in her individual capacity.

    2.    Estelle Nadel admits that, for purposes of this injunction, the Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402 (a).

    3.    Estelle Nadel, without admitting any allegations in the Complaint, waives the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of

Civil Procedure, consents to the entry of this permanent injunction, and agrees to be bound by its terms.

4. Estelle Nadel further understands and agrees that:

a. The attached permanent injunction will be entered pursuant to Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a final judgment in this matter;

b. Estelle Nadel waives the right to appeal from the permanent injunction;

c. The parties will each bear their own costs, including any attorneys' fees or other expenses of litigation;

d. The Court will retain jurisdiction over this matter for the purpose of implementing and enforcing the permanent injunction;

e. If Estelle Nadel violates the permanent injunction, she may be subject to civil and criminal sanctions for contempt of court;

f. In addition to the specific directives in the permanent injunction, Estelle Nadel has an obligation to preserve all pertinent documents in her possession, including tax returns, informational returns, correspondence, working papers, or any other documents connected to her tax preparation activities, whether stored electronically or on paper, as required by the Internal Revenue Code;

g. The United States may conduct full post-judgment discovery to monitor Estelle Nadel's compliance with the permanent injunction;

h. Entry of the permanent injunction resolves only this civil action, and neither precludes the Government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Estelle Nadel from contesting her liability in any matter or proceeding.

Accordingly, **IT IS ORDERED and ADJUDGED** pursuant to 26 U.S.C. §§ 7402 (a), 7407, and 7408 that Estelle Nadel, and all persons and entities in active concert or participation with her, will be **PERMANENTLY ENJOINED** from directly or indirectly:

1. Owning or operating a tax return preparation business;

2. Preparing, filing, or assisting in the preparation or filing of federal income tax returns, amended returns, and other related documents and forms for any entity or person other than herself;[1]

3. Preparing, filing, or assisting in the preparation or filing of federal income tax returns that she knows will result in the understatement of any tax liability or the overstatement of federal tax refunds;

4. Engaging in any activity subject to penalty under IRC §§ 6694, 6695, or 6701; and

5. Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**IT IS FURTHER ORDERED** that the Estelle Nadel shall:

1. Send by U.S. Mail a notice, to be approved by the United States Department of Justice Tax Division prior to mailing, to all persons for whom she prepared a federal tax return or amended tax return after January 1, 2017, that she is no longer in the business of preparing, filing, or assisting in the preparation and/or filing of

---

[1] This injunction shall not prevent Defendant from engaging in bookkeeping services. This injunction also does not preclude the Defendant from starting a business unrelated to preparing, filing, or assisting in the preparation and/or filing of federal income tax returns, amended returns, and other related documents and forms for any entity or person other than herself in the future.

any federal tax returns and will not be able to assist those parties with any matters relating to the preparation, filing, or amending said tax returns in the future;

    2.    Turn over to the United States within 60 days a list with the name, address, telephone number, email address, and social security number of all persons for whom Estelle Nadel prepared returns or amended returns after January 1, 2017; and

    3.    Provide to the United States a sworn statement evidencing her compliance with the foregoing directives within 75 days of entry of the permanent injunction.

**IT IS FURTHER ORDERED** that the United States will be allowed full post-judgment discovery to monitor the Estelle Nadel's compliance with the permanent injunction.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction over this action for purposes of implementing and enforcing the permanent injunction and any additional orders necessary and appropriate to the public interest.

**SO ORDERED**, this 6th day of January, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA